IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK WAYNE JACOBS, ) <br> AIS # 273289 ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROSSBAY, *et al.*, ) <br> ) <br>    Defendants. ) | CIV. ACTION NO. 25-00256-JB-MU |

### ORDER GRANTING, IN PART, AND DENYING, IN PART, LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff Derek Wayne Jacobs's Motion for Leave to Amend Complaint. (*See* Doc. 8). To the extent Plaintiff seeks to amend his complaint, his motion is **GRANTED**. To the extent Plaintiff requests the Court to simply add new defendants to his complaint, his motion is **DENIED**. For the reasons discussed below, Plaintiff Jacobs is **ORDERED** to file a second amended complaint on the Court's form by **December 26, 2025**.

At the Court's direction (*see* Doc. 6), Plaintiff filed an amended complaint alleging Rossbay, the maintenance supervisor, and an unnamed nurse at Fountain Correctional Facility were deliberately indifferent to his health and safety when a windowpane fell on him and treatment for his injury was delayed. (Doc. 7). Thereafter (four days later), Plaintiff filed a motion to amend complaint, requesting that the Court "amend [his] 1983 complaint to list defendant as Alabama Depart of Corrections and Maintenance Supervisor Jeffery Robinson and Health Care services." (Doc. 8).

Because Plaintiff's complaint remains in the screening phase and has yet to be served on Defendants and there is no evidence of undue delay or bad faith on the part of Plaintiff, Plaintiff is granted leave to amend the complaint. *See* Fed. R. Civ. P. 15(a); *City of Miami v. Bank of America Corp.*, 800 F. 3d 1262, 1286 (11th Cir. 2015) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]") (citation omitted)). However, Plaintiff's motion to amend simply asks the Court to add three defendants to his complaint, without asserting any factual allegations or providing facts that connect a defendant's action to a specific claim or constitutional violation, which is insufficient to state a claim under § 1983. Therefore, Plaintiff is allowed to file a second amended complaint to include all defendants he wants to sue and to provide factual allegations to support his claim against each defendant. Plaintiff is cautioned that the second amended complaint will replace all previously filed complaints. Therefore, Plaintiff shall not rely on any previous complaints or refer to them, as the initial complaint (Doc. 1) and the amended complaint (Doc. 7) will be considered abandoned. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). In amending his complaint, Plaintiff should be sure to:

1. Use the Court's form for a prisoner's § 1983 action and fully complete the Court's § 1983 complaint form.

2. List each defendant separately and fully describe the specific claim being asserted against the particular defendant.

3. Provide facts that describe what **each** defendant did (or failed to do) that violated his constitutional rights. Plaintiff should set forth dates and times where possible.

4. Describe all injuries and damages caused by the defendants.

5. Clearly state the relief requested from this Court. For example, whether he wants to be compensated in money and/or whether he wants an order from the

      Court ordering a party to take a particular action or to refrain from a particular action.

6. Use separate sheets of paper, as necessary and write as clearly as possible, stating the facts in clear sentences.

Once the Court receives Plaintiff's second amended complaint, Plaintiff is advised that the Court will conduct a preliminary review of the second amended complaint, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and the complaint will be dismissed if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii). Accordingly, Plaintiff must plead sufficient factual content in the second amended complaint that allows the Court to reasonably infer that the named defendant is liable for the misconduct alleged or his complaint (or portions of the complaint) will be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also 28 U.S.C. § 1915(e)(2)(B).

Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 8) is **GRANTED, in part and DENIED, in part**. Plaintiff is **ORDERED** to file a second amended complaint on or before **December 26, 2025**. If Plaintiff fails to timely file a second amended complaint on this Court's § 1983 complaint form, the undersigned will recommend that this action be dismissed for failure to prosecute and comply with the Court's order.

The Clerk is **DIRECTED** to send Plaintiff the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as a copy of Documents 1, 7, and 8.

**DONE** and **ORDERED** this **21st** day of **November**, **2025**.

                                      **/s/P. BRADLEY MURRAY**
                                      **UNITED STATES MAGISTRATE JUDGE**